**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 17-cv-1150 (KBJ) |
| MICHERIE, LLC, *d/b/a Cheerz Sports Grill*, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

# MEMORANDUM OPINION ADOPTING
# REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE

A professional boxing match took place between Floyd Mayweather and Manny Pacquiao on May 2, 2015, and plaintiff J & J Sports Productions, Inc. ("J & J" or "Plaintiff") was granted the exclusive right to distribute the match via closed circuit television and encrypted satellite signal. (*See* Compl., ECF No. 1, ¶ 9.) According to the complaint that was filed in this matter, defendants Micherie, LLC ("Micherie"), Roxanne Dover, and Deanna Watson (collectively, "Defendants") operate a restaurant known as Cheerz Sports Grill (*see id.* ¶ 7), and J & J alleges that they "unlawfully intercepted, received, and/or de-scrambled" the signal for the Mayweather/Pacquiao fight in order to broadcast the match to patrons at Cheerz without paying Plaintiff the requisite fees (*id.* ¶ 12). J & J has brought a two-count complaint alleging that Defendants' conduct violates the Communications Act of 1934, Pub. L. No. 73-416 § 605, 48 Stat. 1064, 1103–04 (1934), *codified at* 47 U.S.C. § 605, and the Cable Television Consumer Protection and Competition Act of 1992, Pub. L. No. 102-385

§ 21, 106 Stat. 1460, 1498 (1992), *codified at* 47 U.S.C. § 553 (together, the "FCA") (*see id.* ¶¶ 15–25), and seeking statutory damages of up to $110,000 on Count One and statutory damages of up to $60,000 on Count Two, as well as injunctive relief and attorneys' fees (*see id.* ¶ 30).

J & J served defendant Watson with the complaint on September 4, 2017, (*see* Proof of Service, ECF No. 4), but nothing on the docket reflects that J & J has ever effected service on the other two named defendants. On September 29, 2017, after Watson failed to respond to the complaint, the Clerk of the Court entered a default against her (*see* Clerk's Entry of Default, ECF No. 7), and J & J subsequently filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b), in which it requested that this Court enter judgment in its favor and against Watson in the amount of $38,372.50 for statutory damages and attorneys' fees (*see* Pl.'s Mot. for Entry of Default J., ECF No. 8, at 1, 4).[1] On October 19, 2017, this Court referred this matter to a Magistrate Judge for full case management, and the matter was randomly assigned to Magistrate Judge Michael Harvey. (*See* Minute Order of Oct. 19, 2017; Minute Entry of Oct. 19, 2017.)

On May 14, 2018, Magistrate Judge Harvey ordered J & J to show cause why its motion for a default judgment should not be denied in light of the absence of any facts in the complaint establishing Watson's personal liability for the conduct alleged. (*See* Order to Show Cause, ECF No. 10, at 3 (noting that the complaint did not plead facts sufficient to state a claim against Watson because it "neither pierces the corporate veil nor shows that Defendant Watson had control over the violations and derived financial

---

[1] Page numbers herein refer to those that the Court's electronic case filing system automatically assigns.

benefit from them[,]" such that she could be held personally liable).) Moreover, to the extent that J & J alleged new facts in any response to the Order to Show Cause, Magistrate Judge Harvey instructed J & J to "aver under oath the basis for its knowledge of or belief in those facts[.]" (*Id.* at 6.) In addition, the Order required J & J to explain why the other two defendants—Micherie and Dover—should not be dismissed from this matter under Federal Rule of Civil Procedure 4(m) for lack of service. (*See id.*) J & J did not respond to this order.

Before this Court at present is the comprehensive Report and Recommendation that Magistrate Judge Harvey filed on June 4, 2018, in regard to J & J's motion for default judgment. (*See* R. & R., ECF No. 11.)[2] The Report and Recommendation reflects Magistrate Judge Harvey's opinion that J & J's motion for default judgment should be denied, and that J & J's complaint against Watson should be dismissed without prejudice for failure to plead sufficient facts establishing that Watson is individually liable for the pirated broadcast. (*See id.* at 3–5, 7.) Specifically, Magistrate Judge Harvey finds that the complaint contains insufficient facts to hold Watson liable either due to piercing the corporate veil or based on application of the "benefit and control" test—*i.e.*, the two means by which courts have imposed liability on an individual for the misconduct of a business in the FCA context. (*See id.* at 3–4.) With respect to the "benefit and control" test in particular, Magistrate Judge Harvey notes that J & J's complaint does not allege that Watson "had an obvious and direct financial interest in the infringement" (*id.* at 5 (internal quotation marks and citation omitted)), nor does it "make a plausible claim that Defendant Watson directly pirated

---

[2] The Report and Recommendation is attached hereto as Appendix A.

the Broadcast" (*id.*), which would be necessary to hold Watson individually liable for any FCA violations Cheerz has committed. Magistrate Judge Harvey further recommends that the complaint be dismissed without prejudice as to Micherie and Dover based on Plaintiff's failure to establish good cause for not serving them in a timely manner. (*See id.* at 8.)

On June 14, 2018, J & J filed a document entitled "Plaintiff's Reply to Court's Report and Recommendation of 06/04/2018." (*See* Pl.'s Reply to Court's R. & R. of 06/04/2018 ("Pl.'s Reply"), ECF No. 12.) In that document, J & J argues that Watson can be held individually liable for the unlawful broadcast of the Mayweather/Pacquiao fight at Cheerz. (*See id.* at 3.) As support, J & J attaches to its Reply a Washington Post article that describes Watson as a "co-owner" of Cheerz, and says that, as such, Watson was advocating for an expansion of business in Washington, D.C. neighborhoods. (*See* Ex. 1 to Pl.'s Reply, ECF No. 12-1, at 2–5.) J & J argues that this article shows that Watson is "part owner of the business" and "has a strong financial interest in the activities of the business." (Pl.'s Reply at 3.) J & J has also submitted a settlement agreement that Watson signed as a co-owner of Cheerz (*see* Ex. 2 to Pl.'s Reply, ECF No. 12-2, at 8–12), which allegedly "clearly shows that she has a 'strong interest' in the establishment" (Pl.'s Reply at 3), and copies of certain social media postings (*see* Ex. 3 to Pl.'s Reply, ECF No. 12-3, at 2–8), which allegedly demonstrate that Watson was "very active in promotion of her establishment and advertising the Mayweather/Pacquiao Championship Fight Event" (Pl.'s Reply at 3).[3] J & J's filing

---

[3] Notably, J & J's Reply addresses Watson alone; it does not dispute that the other two defendants have not been served and that Plaintiff's claims against them are therefore subject to dismissal under Federal Rule of Civil Procedure 4(m).

also "apologizes" for "failing to respond to the deadline" for the submission of evidence that Magistrate Judge Harvey had imposed in his Order to Show Cause of May 14, 2018. (*Id.* at 2.)

On June 21, 2018, while the initial Report & Recommendation and J & J's Reply were pending before this Court, Magistrate Judge Harvey issued a Supplemental Report and Recommendation in which he asserts that this Court should deem J & J's filing "an untimely response to the Order to Show Cause[,]" and should decline to consider it, in an exercise of discretion. (Suppl. R. & R., ECF No. 13, at 4.) Magistrate Judge Harvey notes that J & J's Reply "has all the trappings of a response to the Order to Show Cause" (*id.*) and expresses concern that considering this submission "would allow Plaintiff to avoid the strictures of Rule 6(b)(1)" (*id.* at 5), which requires a litigant who misses a deadline to file a motion to establish excusable neglect in order to file material out of time (*see id.* at 5–7). The Supplemental Report and Recommendation further stresses the detrimental impact that J & J's delayed filing has had on these proceedings. (*See id.* 7–8; *see also id.* at 4 (noting that "[t]he clear (and explicit) impetus [of the Order to Show Cause] was to avoid the situation now presented: issuance of a Report and Recommendation based on an incomplete record and the presentation of additional evidence . . . in connection with objections that might undermine the efficacy of the Report and Recommendation").)

This Court has reviewed Magistrate Judge Harvey's Report and Recommendation and Supplemental Report and Recommendation and largely agrees with their substantive analysis and conclusions. The Court has decided to decline Magistrate Judge Harvey's recommendation to strike J & J's Reply as untimely, because J & J has

5

styled its submission as a response to the June 4th Report and Recommendation and has submitted it within the timeframe allotted for such a response, and also because the Court agrees with Magistrate Judge Harvey that there is insufficient evidence to impose individual liability on Watson nevertheless. (*See id.* at 8 n.3 (finding that he "would not change the ultimate recommendation" contained in the initial Report and Recommendation even after "consider[ing] the evidence and argument in the June 14 Submission").) In particular, this Court finds that, even when all of the allegations in J & J's complaint are taken as true, the complaint contains insufficient facts to establish that Watson is personally liable for any FCA violations arising from the broadcast of the Mayweather/Pacquiao Fight at Cheerz. (*See* R. & R. at 3–5.) And the unsworn materials that Plaintiff submitted with its objection do not provide any additional basis for rejecting Magistrate Judge Harvey's considered opinion, as none of these materials cure the defects that Magistrate Judge Harvey identified.

First, Plaintiff's additional materials do not speak to whether these is any basis for piercing the corporate veil between Cheerz and Watson, as would be necessary for her to be held liable for the broadcast that took place at Cheerz. *See Lopes v. JetsetDC, LLC*, 994 F. Supp. 2d 135, 147 (D.D.C. 2014) (noting that "[u]nder the District's veil-piercing test, courts generally inquire as to whether corporate formalities have been observed; whether there has been commingling of corporate and shareholder funds, staff and property; whether a single shareholder dominates the corporation; whether the corporation is adequately capitalized; and, especially, whether the corporate form has been used to effectuate a fraud" (internal quotation marks and citation omitted)). Nor do the additional materials support an allegation of liability under the alternative

6

"benefit and control" test for individual FCA liability, because they do not indicate that Watson directed the piracy or received a direct financial benefit from it. *See Joe Hand Promotions, Inc. v. Wright*, 963 F. Supp. 2d 26, 28 (D.D.C. 2013); *see also J & J Sports Prods., Inc. v. Taqueria Juarez Rest., Inc.*, No 17 CV 4158, 2018 WL 2056181, at *4 (E.D.N.Y. Mar. 16, 2018), *report and recommendation adopted*, 2018 WL 2048370 (E.D.N.Y. May 2, 2018). At most, these materials tend to show that Watson is a co-owner of Cheerz, and that fact, standing alone, is insufficient to impose individual FCA liability on Watson. *See, e.g.*, *J & J Sports Prods., Inc. v. MayrealII, LLC*, 849 F. Supp. 2d 586, 590–91 (D. Md. 2012); *Circuito Cerrado, Inc. v. Pizzeria y Pupuseria Santa Rosita, Inc.*, 804 F. Supp. 2d 108, 112–13 (E.D.N.Y. 2011).

In sum, after conducting its own review of this matter and considering Plaintiff's objection and supporting materials, this Court accepts Magistrate Judge Harvey's analysis and will **ADOPT** the Report and Recommendation in its entirety. Accordingly, Plaintiff's Motion for Entry of Default Judgment (ECF No. 8) will be **DENIED**, and Plaintiff's complaint will be **DISMISSED** without prejudice.

A separate Order accompanies this Memorandum Opinion.

DATE: September 27, 2018

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

7

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| J & J SPORTS PRODUCTIONS, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHERIE, LLC, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No. 17-cv-1150(KBJ/GMH) |

## REPORT AND RECOMMENDATION

In this case, Plaintiff J&J Sports Productions, Inc., alleges that Defendants Micherie, LLC, d/b/a Cheerz Sports Grill, Roxanne Michelle Dover, and Deanna Cherie Watson violated the Federal Communications Act of 1934, 47 U.S.C. § 605, or the Cable Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553 (together, the "FCA"). On September 29, 2017, at Plaintiff's request, the Clerk of Court entered a default against Defendant Deanna Cherie Watson ("Defendant Watson") [Dkt. 7], who appears from the docket to be the only Defendant to have been served [Dkt. 4]. On October 16, 2017, Plaintiff filed a motion for default judgment against Defendant Watson [Dkt. 8], and the case was referred to the undersigned for full case management. Minute Order (Oct. 19, 2017). On May 14, 2018, the undersigned issued an order requiring Plaintiff to show cause why the motion for default judgment should not be denied because the Complaint fails to state a claim against Defendant Watson. [Dkt. 10 at 2–5]. The order to show cause also required Plaintiff to explain why the other two Defendants, Micherie, LLC, and Roxanne Michelle Dover, should not be dismissed from the action because they had not been served within the time limit set by Rule 4(m) of the Federal Rules of Civil Procedure. *Id.* at 5. Plaintiff did not

respond to the order to show cause. Therefore, and for the following reasons, the undersigned recommends denying the motion for default judgment and dismissing the Complaint.

## I. BACKGROUND

The Complaint, which was filed in June 2017, alleges that Plaintiff purchased the right to distribute, via encrypted satellite and closed circuit television, the fight between Floyd Mayweather, Jr., and Manny Pacquiao scheduled for May 2, 2015 (the "Broadcast"). [Dkt. 1, ¶ 9]. It further alleges that, "[u]pon information and belief, the Defendant(s) operated an establishment known as Cheerz Sports Grill" at a specified address in the northwestern quadrant of the District of Columbia, and that

> [u]pon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, Defendant(s) and/or their agents, servants, workmen and/or employees unlawfully intercepted, received and/or descrambled said satellite signal, and did exhibit the Broadcast at the above-captioned address and/or addresses at the time of its transmission willfully and for purposes of direct and indirect commercial advantage or private financial gain[, in violation of 47 U.S.C. § 605(a).]

*Id.*, ¶ 12. Plaintiff makes similar allegations that, "[u]pon information and belief, . . . Defendant(s) and/or their agents, servants, workmen and/or employees did exhibit the Broadcast" by "illegally intercept[ing] said Broadcast when it was distributed and shown by cable television systems," in violation of 47 U.S.C. § 553. *Id.*, ¶¶ 20, 22. Neither Plaintiff's motion for default judgment nor its later submission designed to shore up its damages claims materially supplement these allegations. [Dkt. 8; Dkt. 9].

On May 14, 2018, the Court issued an order to show cause citing precedent from this and other districts showing that Plaintiff's Complaint and supporting submissions failed to plead sufficient facts that, if proved, would establish that Defendant Watson was personally liable for any violation of the FCA. The order gave Plaintiff two weeks to

show cause why its motion for default against Defendant Watson should not be denied for failure to state a claim against her. In its response, Plaintiff shall address the above-cited cases and, to the extent that it alleges new facts, aver under oath the basis for its knowledge of or belief in those facts; [in addition] . . . Plaintiff shall show cause why Defendants Micherie, LLC, and Roxanne Michelle Dover should not be dismissed from the action because of Plaintiff's failure to serve them pursuant to Rule 4(m).

[Dkt. 10 at 6]. A response was due on May 29, 2018.[1] None has been filed.

## II. DISCUSSION

### A. Liability of Defendant Watson

"Obtaining a default judgment requires two steps. At the first step, the plaintiff requests the Clerk of the Court to enter a default." *Serv. Emps. Int'l Union Health & Welfare Fund v. N. Am. Cleaning Servs. Co.*, 264 F. Supp. 3d 1, 3 (D.D.C. 2017). Once a default is entered, "the factual allegations of the complaint are deemed admitted, which usually establishes the defendant's liability" and enables the plaintiff to seek entry of a default judgment. *Id.* Entry of a default judgment is within the discretion of the district court. *See, e.g., id.* at 4. Here, however, Plaintiff's Complaint fails to establish the liability of Defendant Watson.

In *Joe Hand Promotions, Inc. v. Wright*, Judge Boasberg addressed a motion to dismiss a complaint that alleged violations of Section 553 and 605 against a cigar bar and its proprietor for illegally intercepting and broadcasting an Ultimate Fighting Championship bout. 963 F. Supp. 2d 26, 27 (D.D.C. 2013). The proponent of the motion, the proprietor of the establishment, argued that the complaint did not allege sufficient facts "to hold him individually liable for the misdeeds of his business." *Id.* at 28. Judge Boasberg noted that

> a large body of cases—and, indeed, what appears to be the great weight of authority—suggests that an individual corporate officer may be held liable for a corporation's infringing acts under the FCA . . . as long as the complaint "establish[es] that

---

[1] The response period expired on May 28, 2018. However, as that date was a legal holiday, Plaintiff's response became due on May 29, 2018, pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure.

3

the individual had a 'right and ability to supervise' the violations, as well as an obvious and direct financial interest in the misconduct."

*Id.* (second alteration in original) (quoting *Circuito Cerrado, Inc. v. Pizzeria y Pupuseria Santa Rosita, Inc.*, 804 F. Supp. 2d 108, 112–13 (E.D.N.Y. 2011)). The *Wright* court also pointed to a different line of cases that "cast doubt on the use of this 'benefit and control' test," which is imported from copyright infringement case law, into the FCA context. *Id.* Those cases suggest that, in order to reach the proprietor of an infringing establishment, the plaintiff must "pierce the corporate veil." *See, e.g., Joe Hand Promotions, Inc. v. Sharp*, 885 F. Supp. 2d 953, 955–56 (D. Minn. 2012), *quoted in Wright*, 963 F. Supp. 2d at 28. Judge Boasberg ultimately chose not to "wade into what appears to be a question of first impression in this Circuit," instead allowing the plaintiff to amend its complaint to attempt to state a claim against the individual defendant. *Id.* at 28–29.

There is no need to wade into that debate in this case either because the Complaint here neither provides a basis to pierce the corporate veil nor shows that Defendant Watson had control over the violations and derived financial benefit from them. First, "[c]onclusory allegations 'on information and belief'" like those cited above from the Complaint "will generally not be enough, even at the default judgment stage" to support liability. *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 301 (E.D. Pa. 2014); *see also J&J Sports Prods., Inc. v. 291 Bar & Lounge, LLC*, 648 F. Supp. 2d 469, 473 & n.2 (E.D.N.Y. 2009).

Moreover, the allegations are substantively deficient, as well. Plaintiff alleges that the three Defendants "operated" Cheerz Sports Grill [Dkt. 1, ¶ 7], but courts have found that even allegations of ownership (which Plaintiff stops short of) are insufficient to show control. *See, e.g., J&J Sports Prods., Inc. v. Mayreal II, LLC*, 849 F. Supp. 2d 586, 590–91 (D. Md. 2012) (collecting

cases); *see also 291 Bar & Lounge*, 648 F. Supp. 2d at 473 (finding allegation of ownership insufficient because "[i]ndividual liability under the [FCA] requires that the individual authorize the underlying violations"). Nor are there allegations sufficient to establish that Defendant Watson "had an obvious and direct financial interest in the infringement." *J&J Sports Prods., Inc. v. Taqueria Juarez Rest., Inc.*, No 17 CV 4158, 2018 WL 2056181, at *4 (E.D.N.Y. Mar. 16, 2018), *report and recommendation adopted*, 2018 WL 2048370 (E.D.N.Y. May 2, 2018). "[T]here is no allegation that defendants imposed an admission fee or cover charge"—indeed, an affidavit attached to the Complaint states that no such charge was collected [Dkt. 1-1 at 2], as does a second affidavit attached to Plaintiff's supplementary submission on damages [Dkt. 9-2 at 2]—nor is there an allegation that the Broadcast reeled in a significant number of patrons. *Taqueria Juarez*, 2018 WL 2056181, at *4. And even if there were, there is no indication as to how a cover charge or a crowded bar would inure to Defendant Watson's benefit. Does she receive tips or share in the bar's profits? The Complaint is silent.

Nor does the Complaint make a plausible claim that Defendant Watson directly pirated the Broadcast. The Complaint consistently "refers to [all three] defendants together," *id.*, so it is impossible to discern who is alleged to have done what. Moreover, as the quotations from the Complaint set out above demonstrate, "based on the language J & J uses, it is possible that a 'workman' in the restaurant intercepted and de-scrambled the program on his own accord and without [Defendant Watson's] knowledge." *J&J Sports Prods., Inc. v. Torres*, No. 6:09CV391, 2009 WL 1774268, at *3 (M.D. Fla. June 22, 2009). And, again, the allegations concerning Defendant Watson's theft of the Broadcast are made only "[u]pon information and belief" [Dkt. 1, ¶¶ 12–13, 22], which are generally insufficient even at the default stage. *See, e.g. Yakubets*, 3 F. Supp. 3d at 301; *291 Bar & Lounge*, 648 F. Supp. 2d at 473 & n.2.

**Appendix A**

To be sure, in the default context, "the absence of the defendants counsels greater flexibility toward . . . plaintiffs because it impedes their ability to obtain . . . discovery." *Mwani v. Bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005); *see also Flanagan v. N. Star Concrete Constr., Inc.*, No. 13-CV-2300, 2014 WL 4954615, at *6 (E.D.N.Y. Oct. 2, 2014) (finding on motion for default judgment that some leeway should be given for facts within exclusive knowledge of defaulting defendant). Nonetheless, "[d]ifficulty in meeting [Plaintiff's] burden . . . is not a license to ignore and dispense with ordinary pleading requirements. If [Plaintiff] wishes to assert liability against [Defendant Watson], it must adduce an adequate basis for doing so." *291 Bar & Lounge*, 648 F. Supp. 2d at 473 n.2; *see also Mayreall II*, 849 F. Supp. 2d at 592 (same); *Kline v. Williams*, Civil Action No. 05-1102 (HHK), 2006 WL 2265414, at *3 n.3 (D.D.C. Aug. 8, 2006) ("[W]hile the principle of 'greater flexibility' may prompt the court to permit a plaintiff to meet [its] burden by presenting fewer or vaguer facts than would otherwise be acceptable, it does not prompt the court to *remove* [the] burden by creating or assuming [necessary facts] where none has been alleged."). Indeed, complaints are generally composed prior to taking discovery, but Supreme Court precedent still requires a plaintiff to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" in order to avoid dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court provided Plaintiff a chance to bolster its allegations in a response to the order to show cause. [Dkt. 10 at 4]. Plaintiff, however, failed to take advantage of that opportunity. Indeed, it did not file any response to the order. Its motion for default judgment should therefore be denied.

**Appendix A**

Additionally, "a district court may *sua sponte* dismiss a complaint under Rule 12(b)(6) where 'it is patently obvious' that the plaintiff cannot 'prevail[] on the facts alleged in his complaint.'" *Baldwin v. Small Bus. Admin.*, No. CV 16-1365 (RDM), 2017 WL 2455026, at *3 (D.D.C. June 6, 2017) (quoting *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990); *see also, e.g., Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248–49 (11th Cir. 2015) (affirming *sua sponte* dismissal of claim where district court provided plaintiff opportunity to bolster allegations in complaint). In addition, courts have dismissed claims *sua sponte* when analysis of a motion for default judgment establishes that the underlying complaint is deficient. *See, e.g., Green v. Gamez*, No. SA-16-CV-01559, 2017 WL 5761608, at *2 (W.D. Tex. Nov. 28, 2017) (Lamberth, J.) (finding motion for default judgment meritless and dismissing action where complaint failed to state claim); *Stuckey v. Lucas*, No. 3:11-cv-5196, 2012 WL 5948232, at *1 (N.D. Cal. Nov. 27, 2012) (dismissing case where analysis of motion for default judgment showed "that plaintiff's complaint fails to state any claims whatever"); *Bremer v. Housing Auth. of New Orleans*, No. CIV A 98-2735, 1999 WL 129453, at *1 (E.D. La. Mar. 9, 1999) ("Not only does this court find that Plaintiff has again failed to comply with the procedural rules regarding default judgments, but, after reviewing plaintiff's original complaint, this court also finds that the claims against Morris and Matthews should be dismissed *sua sponte* for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure."). Here, Plaintiff has been on notice at least since the order to show cause was issued that its Complaint did not state a claim against Defendant Watson. [Dkt. 10 at 6]. It chose not to attempt to present additional facts to save those claims. It is therefore recommended that the claims against Defendant Watson be dismissed without prejudice. *See, e.g., Jiggets v. District of Columbia*, 319 F.R.D. 408, 418 (dismissing complaint without

prejudice where "plaintiff has already been afforded the opportunity to amend [its] pleadings, but has failed to cure the infirmities").

B.   Service on Remaining Defendants

The Complaint was filed on June 13, 2017. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, a complaint must be served on defendants within 90 days after it is filed. If it is not, "the court—on motion of its own after notice to the plaintiff—must dismiss the action without prejudice as to that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

The order to show cause provided Plaintiff notice that it had failed to timely serve Defendants Micherie, LLC, and Roxanne Michelle Dover, and required it to explain why they should not be dismissed from this action pursuant to Rule 4(m). As noted, Plaintiff failed to respond. The undersigned therefore recommends dismissing the claims against those Defendants without prejudice. *See, e.g., James v. Nationstar Mortg. LLC*, 323 F.R.D. 85, 87 (D.D.C. 2017) (dismissing action against defendant who had not been served where plaintiffs had not, "despite the Court's urging, . . . identif[ied] 'good cause' for their failure to effect service in compliance with Rule 4(m)"); *Garlington v. D.C. Water & Sewer Auth.*, 303 F.R.D. 417, 418 (D.D.C. 2014) ("[C]ourts may *sua sponte* dismiss an action where the plaintiff has failed to comply with Rule 4(m)."). This recommendation, in tandem with the recommendation that the claims against Defendant Watson be dismissed, then, will, if accepted, result in dismissal of the entire Complaint.

III.   CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's motion for default judgment [Dkt. 8] be **DENIED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE**.

**Appendix A**

\* \* \* \* \*

The parties are hereby advised that under the provisions of Local Civil Rule 72.3(b) of the United States District Court for the District of Columbia, any party who objects to the Report and Recommendation must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the report and/or recommendation to which objection is made, and the basis for such objections. The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of appeal from an order of the District Court that adopts such findings and recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Date: June 4, 2018

G. Michael Harvey
2018.06.04 11:38:52
-04'00'

G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE